UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **WILLIAM THEO WHITE** | **CIVIL ACTION NO. 5:16-966; SEC. P** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **B. CORLEY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by pro se Plaintiff William Theo White (#618978). At the time of filing, Plaintiff was an inmate in the custody of the Texas Department of Criminal Justice, incarcerated at the James "Jay" H. Byrd Unit in Huntsville, Texas. Plaintiff complains that his constitutional rights were violated while he was incarcerated at the Bayou Dorcheat Correctional Center ("BDCC") in Minden, Louisiana. Plaintiff names as defendants Deputy B. Corley and the Webster Parish Jail.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual Allegations**

Plaintiff alleges that, on May 7, 2016, Deputy B. Corley used racial slurs when ordering Plaintiff to put his cinnamon roll in the trash can. He complains that BDCC is a very "racial environment," and that he has been disrespected and harassed at the facility.

**Law and Analysis**

**1.      Screening**

Plaintiff is a prisoner proceeding *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir.

1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**2.     Racial Slurs**

Plaintiff alleges that he experienced retaliation, disrespectful treatment, harassment, and discrimination at BDCC. To state a claim for retaliation, a prisoner must allege facts that establish: (1) he exercised a specific constitutional right; (2) the defendant had the intent to retaliate against him for his exercise of that right; (3) a retaliatory adverse act occurred; and, (4) causation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citing Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)), cert. denied, 522 U.S. 995 (1997). Plaintiff fails to provide any factual allegations to support a constitutional claim of retaliation.

Plaintiff alleges that Defendant Corley used racial slurs in ordering Plaintiff to dispose of a

cinnamon roll. However, threats, verbal taunts, and racial slurs do not give rise to liability under § 1983. Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Even threatening language and gestures of a custodial officer do not amount to a constitutional violation. See Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir. 1995) (citations omitted). Plaintiff's complaint about Deputy Corley using racial slurs simply does not provide a basis for a federal civil rights lawsuit.

**3.     Physical Injury**

Plaintiff did not suffer any physical injury. Title 42 U.S.C. § 1997e(e) prevents a prisoner who has not alleged a physical injury from seeking compensatory damages. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).

**Conclusion**

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before rendering a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 2nd day of September, 2016.

Karen L. Hayes
United States Magistrate Judge